UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ABBOTT,

                Plaintiff,                No. 07-CV-15345-DT

vs.                                       Hon. Gerald E. Rosen

KEVIN W. COBB, TRUSTEE,
HOURLY EMPLOYEE PENSION
DIVISION, GENERAL MOTORS
CORPORATION; and
GENERAL MOTORS CORPORATION,
a Delaware corporation,

                Defendants.
_____/

ORDER DENYING MOTION TO SET ASIDE ORDER
REGARDING REASSIGNMENT OF COMPANION CASE

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     March 21, 2008

        PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

On February 29, 2008, pursuant to Eastern District of Michigan Local Rule 83.11, the Honorable Avern Cohn, with this Court's consent, reassigned the above-captioned case to this Court as a companion case to *Gale v. General Motors Corporation, et al.*, 06-15710, an earlier case assigned to this Court. On March 5, 2008, Plaintiff, through counsel, filed the instant "Motion to Set Aside Order Regarding Reassignment of Companion Case,"asking the Court to reconsider its determination that the *Abbott* case is

1

a companion case to *Gale*.¹ The Court has reviewed Plaintiff's Motion and has concluded that there is no merit to the arguments advanced therein.

Companion cases are those cases in which it appears that:

(i) substantially similar evidence will be offered at trial; or

(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. . . .

L.R. 83.11(7)(i), (ii).

In both *Abbott* and in *Gale,* General Motors is a party-defendant, and the plaintiffs in both cases are GM pension plan participants incarcerated in Michigan prisons. Furthermore, an examination of the complaints in the two cases demonstrates that the two cases involve the same principal issue and accordingly will require the presentation of substantially similar evidence. The plaintiffs in both cases complain that pursuant to state court orders entered pursuant to Michigan's SCFRA law and contrary to the plaintiff's pension benefit designations, their pension checks have been deposited in their prison accounts and/or are being retained in GM's possession, depriving the plaintiffs their right to their monies.

---

¹ Plaintiff filed the same motion in each of the 10 cases reassigned to this Court as of March 5, 2008. *See Edgin v. Cobb*, 07-15343 (Dkt. # 14); *Day v. Cobb*, 07-15344 (Dkt. # 10); *Abbott v. Cobb*, 07-15345 (Dkt. # 13); *Stanley v. Cobb*, 07-15373 (Dkt. # 13); *Schuler v. Cobb*, 07-15374 (Dkt. # 11); *Mendoza v. Cobb*, 07-15407 (Dkt. # 13); *Reeves v. Cobb*, 07-15408 (Dkt. # 10); *Keeler v. Cobb*, 07-15409 (Dkt. # 12); *Jividen v. Cobb*, 07-15497 (Dkt. # 13); *Harris v. Cobb*, 07-15498 (Dkt. # 13). (Two other cases, *Riley v. Cobb*, 07-15372 and *Hudvagner v. Cobb*, 07-15496, were reassigned to this Court after Plaintiff filed his motions to vacate orders of reassignment.) But for the names of the plaintiffs, the complaints of each of these cases are identical.

Plaintiff Abbott claims that because Mr. Gale based his claim for relief upon breach of contract, deprivation of property without due process of law and violation of ERISA's anti-alienation provision while Abbott complains of the defendants' breaches of ERISA fiduciary duties the complaints are "completely different." However, the fact that the theories of recovery in the two cases are different not negate their "companion case" status.

In *Fieger v. Rees*, 2007 WL 3244719 (E.D. Mich., Nov. 2, 2007), the plaintiffs sought to avoid reassignment pursuant to L.R. 83.11 by arguing that they were alleging only the violation of their right to financial privacy whereas the earlier-filed cases alleged a variety of other claims. Notwithstanding the differences in theories of recovery, because all of the complaints arose out of the defendants' actions in investigating possible Campaign Act violations by the plaintiffs, and therefore, would involve similar evidence, the court determined that they were "companion cases" under L.R. 83.11. The court explained:

> The evidence in this case appears to be "limited" to actions by the Defendants with respect to Plaintiffs' bank accounts, such that Plaintiffs believe the Defendants violated the Right to Financial Privacy Act (the "Privacy Act"). In the Subject Cases, the alleged wrongdoing by Defendants involves interference with right to counsel, ethical violations and First Amendment violations, among other things, as they relate to the Defendants' investigation into possible Campaign Act violations by one or more of the Plaintiffs. Therefore, even if Defendants' alleged wrongdoing in the instant case was limited to Privacy Act violations, the alleged wrongdoing was committed in the course of the Defendants' investigation into possible Campaign Act violations by Plaintiffs. The Court therefore concludes that the Subject Cases and the instant case involve similar

3

evidence, *i.e.*, the Defendants' actions in conducting their Campaign Act investigation.

*Id.* a *2.

The same is true with respect to the reassignment of this case. Both *Abbott* and *Gale* arise out of GM's alleged wrongful transmittal and/or retention of the Plaintiff's GM monthly pension checks allegedly resulting from state court SCFRA orders and conflicting Sixth Circuit decisions. Hence, *Abbott* will call for the presentation of evidence similar to that presented in *Gale*.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside Order Regarding Reassignment of Companion Case [Dkt. #. 13] is DENIED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 21, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

4